IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRENDA SMITH, individually
and on behalf of other similarly situated,

                Plaintiff,

v.                                     CIVIL ACTION NO.  3:16-3514

PENN CREDIT CORPORATION,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Brenda Smith's Motion to Remand. ECF No. 11. Upon consideration, the Court **GRANTS** the motion and **REMANDS** this action to the Circuit Court of Putnam County, West Virginia.

On June 5, 2015, Plaintiff filed an action against Defendant Penn Credit Corporation in the Circuit Court of Putnam County. In her Complaint, Plaintiff alleged only state law claims for violations of the West Virginia Consumer Credit and Protection Act (WVCCPA), negligence, intentional infliction of emotional distress, and invasion of privacy. Plaintiff also filed a signed, notarized, and binding stipulation that "so long as this case remains in West Virginia Circuit Court or an Article III Court, the Plaintiff shall neither seek nor accept an amount greater than $75,000.00 in this case, including any award of attorney's fees, but excluding interest and costs." *Stip. of Pl. and Att'ys for Pl.*, ECF No. 1-1, at 10. On February 5, 2016, Plaintiff filed a motion to amend her Complaint to become a class action. ECF No. 1-2, at 2. In addition to her original claims, she also added a claim that Defendant violated West Virginia's Collection Agency

Act of 1973, by holding itself out as a credit agency without maintaining an office in West Virginia, in violation of West Virginia Code § 47-16-1, and "by attempting to collect debts in the state of West Virginia through false representations including by falsely representing or implying that it is a West Virginia licensed collection agency" in violation of the WVCCPA, West Virginia Code § 46A-2-127. *Class Action Compl.*, ECF No. 1-2, at 9, ¶23. The state court entered an Order granting the motion on March 28, 2016.[1]

Thereafter, Defendant removed this action on April 8, 2016, pursuant to 28 U.S.C. § 1332. The parties do not dispute that there is diversity of citizenship between the class members (all West Virginia citizens) and Defendant, a Pennsylvania corporation. However, the parties do dispute whether Defendant has met its burden to show the minimum amount in controversy to establish federal jurisdiction exists. As Plaintiff asserts the amount in controversy is not met, she filed the present motion.

In deciding a motion to remand, the party seeking removal bears the burden of showing federal jurisdiction exists. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). When the amount in controversy is at issue, a defendant must establish that the plaintiff's claim exceeds $75,000 by a preponderance of the evidence. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (stating "[i]f a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]" (internal quotation marks and citation

---

[1] The state court held a hearing on the motion March 11, 2016. According to Plaintiff, the court granted the motion on that date, although the Order was not entered until March 28. As this case was removed on April 8, the removal was filed within thirty days of either date.

omitted)). A district court also must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

Here, Defendant asserts in the Notice of Removal that "Plaintiff's purported class . . . would drive the potential value of any verdict for the Plaintiff in this case to well over $75,000.00" *Notice of Removal*, ECF No. 1, at 5, ¶18. Specifically, Defendant contends that there are more than one hundred one alleged class members and, therefore, the minimum potential statutory damages are $101,000. *Id*. at 4, ¶16. In addition, Defendant contends that Plaintiff's decision to not refile a stipulation capping the amount in controversy to $75,000 or less indicates she believes the case is now worth more than $75,000. *Id*. at 3, ¶10.

In her remand motion, Plaintiff argues that Defendant cannot aggregate the claims of the class members to satisfy the jurisdictional requirement of an amount in controversy exceeding $75,000 under 28 U.S.C. § 1332(a). Upon review, the Court agrees with Plaintiff. "It is well-established that one cannot aggregate damages in a class action for purposes of reaching the [in excess of $75,000] jurisdictional minimum." *McCoy v. Erie Ins. Co*., 147 F. Supp. 2d 481, 490 (S.D. W. Va. 2001), *citing Zahn v. Int'l Paper Co*., 414 U.S. 291, 302 (1973); *Snyder v. Harris*, 394 U.S. 332, 335 (1969); *Glover v. Johns–Manville Corp*., 662 F.2d 225, 231 (4th Cir. 1981) ("It is clear that in a class action with diversity jurisdiction upon separate and distinct claims by two or more plaintiffs, the determination of the amount in controversy is based upon each plaintiff's claims and not upon the aggregate."). Although Defendant makes a cursory argument that the class claims fall within an exception to this rule and may be aggregated because they are asserting a

"common and undivided interest," *Zahn v. International Paper Co.*, 414 U.S. 291, 294 (1973) (internal quotation marks and citation omitted), the Court disagrees. In this case, the class members are a collection of consumers who allege they were aggrieved by Defendant's illegal debt collection practices. These claims are not "common and undivided" such as when individual class members are asserting an indivisible right to the proceeds of a single estate or insurance policy, or making a claim to a single piece of property. Rather, in this case, damages are based upon the individual injuries each Plaintiff allegedly suffered. Therefore, the Court finds the exception does not apply.

In class actions such as the one at bar, aggregation of claims falls under the Class Action Fairness Act of 2005 (CAFA) found in 28 U.S.C. § 1332(d)(2). Under CAFA, Defendant is required to show an aggregate amount in controversy in excessive of $5,000,000. Here, however, Defendant did not raise CAFA or make any claims that the amount in controversy exceeds $5,000,000 in its Notice of Removal. Although a court may permit a technical amendment to a Notice of Removal, a court may not allow an amendment to raise an entire new basis for removal. *See Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014) (holding a party may amend a notice of removal "for technical changes, such as the exact grounds underlying diversity jurisdiction," but district courts "have no discretion to permit amendments furnishing new allegations of a jurisdictional basis"); 14C Wright & Miller, *Federal Practice and Procedure* § 3733 (4th ed. 2009) (stating "defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proferred basis of removal"). Therefore, as Defendant did not assert CAFA in its Notice, the Court finds it may not be used as a post hoc justification for removal. Moreover, even if this Court were to consider removal under CAFA, the Court finds that

Defendant clearly has not shown the amount in controversy exceeds $5,000,000 so federal jurisdiction still would not exist.

Turning next to whether federal jurisdiction exists under § 1332(a) on Plaintiff's individual claims, Plaintiff argues that Defendant also has failed to meet its burden to show that her claims exceed $75,000. In this regard, the only statement Defendant makes in the Notice of Removal is that, because Plaintiff did not refile her stipulation limiting her recovery when she amended her Complaint, Defendant assumes that she must "believe[] this case to now be worth greater than $75,000.00." *Notice of Removal*, ECF No. 1, at 3, ¶10. Although it is may be true that the "case"—as a class action—is worth over $75,000, Plaintiff adamantly refutes Defendant's assumption that she now believes she may recover more than $75,000 on her individual claims. To the contrary, Plaintiff insists in her Reply that her preremoval stipulation remains in effect and she will not "seek nor accept an amount greater than $75,000 in this case, including any award of attorney's fees, but excluding interests and costs." *Stip. of Pl. and Att'ys for Pl.*, ECF No. 1-1, at 10.

In discussing this exact same language in a stipulation in another action, the Honorable Joseph R. Goodwin in *McCoy v. Synchrony Bank*, Civ. Act. No. 2:15-cv-13310, 2015 WL 6386554 (S.D. W. Va. Oct. 21, 2015), found it "prevents the amount in controversy from ever exceeding $75,000 in this court." 2015 WL 6386554, at *2. Therefore, Judge Goodwin found the court lacked subject matter jurisdiction and remanded the case back to state court. *Id*. Although this case is slightly different because Plaintiff amended her Complaint to assert class allegations, she did not file anything expressly revoking or rescinding her prior stipulation regarding her

individual claim. Quite the contrary, Plaintiff insists she is still bound by the stipulation and will not seek or accept an amount over $75,000. The Court finds Plaintiff's position compelling in evaluating whether or not Defendant has demonstrated the jurisdictional threshold under § 1332(a).

In addition, even if the Court looks to the potential recovery calculated by Defendant, the Court finds it has failed to meet its burden of establishing the amount in controversy exceeds $75,000. Defendant assets in its Response, that Plaintiff's new claim under the Collection Agency Act of 1973 is worth at least $1,000. Defendant then proceeds to analyze the value of the claims that were contained in the original Complaint, namely the WVCCPA claims combined with attorneys' fees, general and punitive damages for negligence, intentional infliction of emotional distress, and invasion of privacy. However, it is these very claims that were the subject of the stipulation entered by Plaintiff when she filed her original Complaint. If the Court were to rule, without deciding, that Plaintiff should have filed a new stipulation when she amended her Complaint, the Court finds that Defendant has not demonstrated that the $1,000 she may recover on her new claim under the Collection Agency Act is what tips the balance on whether this Court has jurisdiction when that $1,000 is added to the claims set forth in the original Complaint. In this light and given Plaintiff's pronouncement that she intends to remain bound to the stipulation despite amending her Complaint, the Court finds Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, for the reasons stated above, the Court finds that Defendant has failed to establish by a preponderance of the evidence that the jurisdictional threshold for diversity

jurisdiction exists. Therefore, the Court **GRANTS** Plaintiff's Motion to Remand and **DIRECTS** the Clerk to remand this action back to the Circuit Court of Putnam County, West Virginia.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 5, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE